# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41470

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CURTIS BILLUPS,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Appellant-Defendant Curtis Billups appeals two aspects of his sentence. First, he appeals the district court's application of a two-level pseudocount enhancement pursuant to U.S.S.G. § 2G1.3(d)(1). Second, he appeals the district court's imposition of a mental health treatment condition as part of his supervised release. For the reasons set out below, we **AFFIRM** the district court's application of the pseudocount enhancement, **VACATE** the mental health treatment condition, and **REMAND** for resentencing in light of this opinion.[1]

---

[1] Resentencing shall be limited to a re-examination of the mental health treatment condition.

No. 15-41470

## I.

On March 24, 2015, a federal agent posing as the father of two girls, ages 12 and 14, posted an online advertisement seeking an adult male willing to engage in various sex acts with both of his daughters and willing to let him watch. Curtis Billups responded to the advertisement, and the two agreed to meet. When Billups arrived at the meeting, he was arrested. At trial, he was convicted of one count of enticing a minor to engage in unlawful sexual conduct, in violation of 18 U.S.C. § 2422(b).

## II.

After Billups was convicted, a United States Probation Officer prepared his presentence investigation report ("PSR"), which the district court adopted without alteration. The PSR treated Billups as if he was convicted of two counts of enticing a minor to engage in unlawful sexual conduct, even though he was only convicted of one. This second count, known as a pseudocount, reflected the fact that Billups sought to engage in sexual conduct with two fictitious minors. It also resulted in Billups receiving a two-level pseudocount enhancement pursuant to U.S.S.G. § 2G1.3(d)(1). Billups did not object to this enhancement in the district court, but now does. "Our review, therefore, is for plain error."[2]

To prevail on plain error review, Billups must establish: "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected [his] substantial rights. If each of these conditions is satisfied, we may exercise our discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[3]

U.S.S.G. § 2G1.3(d)(1) states that if a sex offense involves "more than

---

[2] *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

[3] *United States v. Wikkerink*, 841 F.3d 327, 331 (5th Cir. 2016) (internal quotations and citations omitted).

2

No. 15-41470

one minor, [a pseudocount enhancement] shall be applied [pursuant to U.S.S.G. § 3D1.4] as if the . . . enticement . . . of each victim [constitutes] a separate count of conviction." The Sentencing Commission has made clear – in application note 1 – that undercover officers posing as minors are minors for purposes of § 2G1.3(d)(1).[4] The Sentencing Commission has also made clear – in application note 6 – that if a district court finds that a defendant sought to entice more than one fictitious minor, the pseudocount enhancement shall apply.[5]

Billups argues that that we should disregard application note 6 because it is inconsistent with the Guideline text. When an application note is inconsistent with the Guideline text, we "follow the plain language of the Guideline alone."[6] Billups argues that, under § 2G1.3(d)(1), a pseudocount enhancement applies only to victims, who are real people, not fictitious minors. His argument relies upon two rules of statutory construction. First, the Sentencing Commission did not define the term "victim" as used in § 2G1.3(d)(1), and "in the absence of a statutory definition, we give terms their ordinary meaning."[7] Second, when the Sentencing Commission uses two terms in a single provision – in this case, victim and minor – we assume that "it intended [for] each . . . to have a particular, nonsuperfluous meaning."[8]

"It is well established that our interpretation of the Sentencing Guidelines is subject to the ordinary rules of statutory construction."[9] However, it is also well established that the rules of statutory construction may

---

[4] U.S.S.G. § 2G1.3(d)(1) cmt. n.1.

[5] U.S.S.G. § 2G1.3(d)(1) cmt. n.6.

[6] *United States v. Pringler*, 765 F.3d 445, 455 (5th Cir. 2014).

[7] *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 391 (5th Cir. 2002).

[8] *Bailey v. United States*, 516 U.S. 137, 146 (1995).

[9] *United States v. Crittenden*, 372 F.3d 706, 708 (5th Cir. 2004) (quoting *United States v. Carbajal*, 290 F.3d 277, 283 (5th Cir. 2002)).

No. 15-41470

not be "employed to eviscerate manifest legislative intent."[10]

Application note 6 reflects "the [manifest] intent of the United States Sentencing Commission."[11] It unequivocally states that if a district court finds that a defendant sought to entice more than one fictitious minor, the pseudocount enhancement shall apply. "[T]he enhancement is directed at the defendant's intent, rather than any actual harm caused to a genuine victim."[12] § 2G1.3(d)(1) applies to all victims – real or fake.

## III.

The district court also imposed two special conditions of supervised release relevant to this appeal. The first was a sex offender treatment condition, which required Billups "to participate in a mental health treatment program and/or sex offender treatment program provided by a Registered Sex Offender Treatment Provider, as approved by the United States Probation Officer." The second was a mental health treatment condition, which required Billups "to participate in a mental health program as deemed necessary and approved by the" United States Probation Officer. Billups appeals the district court's imposition of the mental health treatment condition. Because Billups objected to this condition in the district court, our review is for abuse of discretion.[13]

"District courts have wide discretion in imposing special conditions of supervised release,"[14] subject to three limitations. First, the condition must be "reasonably related" to one of the following four sentencing factors identified in 18 U.S.C. § 3583(d)(1): "(1) the nature and characteristics of the offense and

---

[10] *United States v. Insco*, 496 F.2d 204, 207 (5th Cir. 1974).

[11] *United States v. Smeathers*, 884 F.2d 363, 364 (8th Cir. 1989) (citing U.S.S.G. § 1B1.7).

[12] *United States v. Murrell*, 368 F.3d 1283, 1289 (11th Cir. 2004).

[13] *United States v. Fernandez*, 776 F.3d 344, 345 (5th Cir. 2015).

[14] *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014).

the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant."[15] "Second, the condition cannot impose any greater deprivation of liberty than is reasonably necessary to advance deterrence, protect the public from the defendant, and advance the defendant's correctional needs."[16] Third, "the condition must be consistent with the policy statements issued by the Sentencing Commission" pursuant to 28 U.S.C. § 994(a).[17]

When imposing a special condition of supervised release, district courts must explain, on the record, how the condition is reasonably related to at least one of the sentencing factors identified in 18 U.S.C. § 3583(d)(1).[18] If a district court fails to articulate its reasoning, and its reasoning cannot be inferred from the record, the special condition will be vacated.[19]

The district court offered no explanation for its decision to impose a separate mental health treatment condition on top of the sex offender treatment condition, and its reasoning cannot be inferred from the record. The record reflects that Billups has no known history of mental problems, no known history of emotional problems, and no known history of illicit drug use.

Both Billups and the Government request that we remand with instructions to vacate, rather than remand for resentencing.[20] However, in this circuit, "[w]here a timely objection is made to a special condition and the record does not clearly contain any discussion, factual finding, or other support for

---

[15] *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009).

[16] *Ibid.* (internal quotations omitted).

[17] *Ibid.*

[18] *Salazar*, 743 F.3d at 451.

[19] *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015).

[20] *See, e.g., United States v. Pruden*, 398 F.3d 241, 251 (3d Cir. 2005).

No. 15-41470

that special condition, we *must* vacate and remand for resentencing."[21] On remand, the district court must either "articulate a reasonable relationship between [the mental health treatment condition] and [one of] the [four § 3583(d)(1)] factors or dismiss the condition."[22]

## IV.

For the foregoing reasons, we **AFFIRM** the district court's application of the pseudocount enhancement, **VACATE** the mental health treatment condition, and **REMAND** for resentencing in light of this opinion.[23]

---

[21] *Caravayo*, 809 F.3d at 276 (emphasis added).

[22] *Salazar*, 743 F.3d at 451.

[23] Because we vacate the mental health treatment condition on evidentiary grounds, we need not reach Billups's alternative argument that the district court's imposition of the mental health treatment condition was an impermissible delegation of judicial authority.