NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 40

No. 2015-389

State of Vermont                                          Supreme Court

                                                         On Appeal from
   v.                                                    Superior Court, Chittenden Unit,
                                                         Criminal Division

Yetha L. Lumumba                                         January Term, 2017


Brian J. Grearson, J.

Thomas J. Donovan, Jr., Chittenden County State's Attorney, and Pamela Hall Johnson,
  Deputy State's Attorney, Burlington, and David E. Tartter, Deputy State's Attorney,
  Montpelier, for Plaintiff-Appellee.

Matthew Valerio, Defender General, and Joshua O'Hara, Appellate Defender, Montpelier, for
  Defendant-Appellant


PRESENT:  Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1.    **DOOLEY, J.**   Defendant challenges so-called standard and special sex-offender probation conditions that the trial court imposed following his conviction for sexual assault. Defendant argues that this Court should strike a number of the standard conditions imposed by the trial court in its written order because the conditions were not orally pronounced during the sentencing hearing and were not sufficiently connected to his crime or rehabilitation. He also argues that the sex-offender condition prohibiting defendant from purchasing, possessing, or using pornography or erotica and from going to "adult bookstores, sex shops, topless bars, etc." is unrelated to his offense and unconstitutionally vague. We conclude that defendant failed to properly preserve his objections to the standard conditions and review them for plain error. Based on the particular provisions and the State's concessions, we strike some conditions, remand some

conditions, and affirm the remaining conditions. We strike the challenged special condition as unsupported by the record.

¶ 2. The conviction in this case stems from an incident that occurred in the summer of 2010. Defendant, who was attending the University of Vermont (UVM) at that time, met with complainant, another UVM student, to go to a Burlington beach. Complainant later reported that defendant had compelled her to engage in nonconsensual oral sex. In 2012, defendant was convicted of felony sexual assault and sentenced to eight years to life in prison. Defendant appealed. See State v. Lumumba, 2014 VT 85, 197 Vt. 315, 104 A.3d 627. Defendant argued that his sentence violated the constitutional prohibition against cruel and unusual punishment because his immigration status interacted with the to-serve sentence to make him unable to get sex-offender treatment, which meant that he would not be eligible for release under the Department of Corrections' internal procedures. Without reaching the constitutional question, this Court reversed and remanded for resentencing, directing the trial court to consider the consequences that defendant's immigration status had on his sentence. Id. ¶ 27.

¶ 3. On remand, the trial court ordered an updated presentence investigation report (PSI). Defense counsel raised the issue of defendant's competency, but following a hearing, the court determined that defendant was competent. At the new sentencing hearing in September 8, 2015, the State requested a sentence of ten years to life, split to serve ten years, while defendant argued for five years to life, split to serve five years. The court sentenced defendant to eight years to life, all suspended except for six years and nine months.

¶ 4. At the hearing, the court and counsel also discussed probation conditions. The presentence investigation report (PSI) recommended twelve special sex-offender conditions, including requirements that defendant complete a sex-offender treatment program, execute a release authorizing defendant's treatment providers to communicate with his probation officer, grant his probation officer warrantless search and seizure privileges, submit to periodic polygraph examinations, comply with a curfew, live and work where approved by his probation officer, and

2

get permission before changing his residence or employment. The conditions also prohibited him from purchasing, possessing, or consuming alcohol; required him to complete substance abuse screening and/or treatment; banned him from purchasing, possessing, or handling firearms; and required him to participate in electronic monitoring as required by his probation officer. One condition prohibited defendant from purchasing, possessing, or using pornography or erotica and going to adult bookstores, sex shops, and topless bars. Defendant objected to all of these conditions on the grounds that they were either not related to the case, overbroad, vague, or an unlawful delegation of authority. Consequently, the court and counsel engaged in a lengthy discussion about each recommended special condition.

¶ 5. At the sentencing hearing, the court approved nine of the special conditions suggested in the PSI, but amended the proposed language of several. The court struck the condition requiring defendant to refrain from drinking alcohol and to complete a substance-abuse screening and/or treatment. It also struck conditions that would have imposed a curfew and prohibited defendant from purchasing or possessing firearms. The court amended condition 38 to require defendant to provide his probation officer with ten days' notice before moving or changing jobs. It imposed the condition relating to pornography, erotica, and sexual establishments. In sum, the court individually addressed each of the proposed "special" probation conditions, accepting some and rejecting or modifying others.

¶ 6. There was not, however, a disclosure of any other conditions that might be imposed on defendant. The probation order, which issued after the hearing, included not only the special conditions discussed on the record and imposed at the sentencing hearing, but also the following list of nineteen additional "standard" conditions:

> A. You shall notify your probation officer within 48 hours if you are arrested or given a citation for a new offense.
>
> B. You must not be convicted of another crime.

3

C. You must regularly work at a job or look for work, if your probation officer tells you to do so. You must get job training if your probation officer tells you to do so.

D. You must regularly work at a community service job if the court orders you to do so.

E. You must support your dependents and meet other family responsibilities.

F. You must meet with your probation officer or designee whenever he/she tells you to do so.

G. If you change your address or move, you must tell your probation officer within two days.

H. If you change or lose your job, you must tell your probation officer within two days.

I. You cannot leave the State without written permission from your probation officer.

J. Upon request, and without delay, you must allow the probation officer to visit you wherever you are staying.

K. If the probation officer or the court orders you to go to any counseling or training program, you must do so. You must participate to the satisfaction of your probation officer.

L. You must not buy, have or use any regulated drugs unless they are prescribed by a doctor.

M. Your probation officer or any other person authorized by your probation officer can require you to have random urinalysis testing.

N. Violent or threatening behavior is not allowed at any time.

O. You shall not operate, try to operate or be in actual physical control of a motor vehicle on a public highway unless in possession of a valid Vermont operator's license.

P. You shall not drink alcoholic beverages to the extent they interfere with your employment or the welfare of your family, yourself, or any other person. You must submit to any alcosensor test or any other alcohol test when your probation officer or their designee tells you to do so.

Q. If the Department of Corrections asks, you must furnish information, including financial information about money, earnings and property which will enable the Department to collect restitution.

4

R. If restitution is ordered, you must cooperate fully with the Restitution Unit.

S. You will pay any unpaid amounts due to the court or the Tax Department for any legal services provided at state expense.

¶ 7.    This appeal followed. On appeal, defendant brings two major challenges. First, defendant asserts that the standard conditions were not properly imposed and several do not relate to his crime or rehabilitation. Second, defendant contends that the special condition relating to pornography and erotica is unconstitutionally vague, overbroad, and not related to the case.

## I.  List of "Standard" Conditions

¶ 8.    Defendant argues that the trial court violated his right to be present during sentencing by imposing the list of "standard" conditions without announcing them orally at the sentencing hearing. He also contends that many of these conditions were invalid because they were not supported by the facts of his case or related to his rehabilitation. The State concedes that eleven of the conditions should be struck because they are not supported by the record. However, the State argues that conditions I, K, N, and S should be remanded for further justification or clarification, and that conditions A, F, J, and L are valid because the court's imposition of them outside defendant's presence was harmless error, as the trial court would have imposed them in any event.

¶ 9.    Defendant's arguments about this list of so-called standard conditions are raised for the first time on appeal. "As we have stressed on numerous occasions, this Court will not address issues that were not raised with specificity and clarity in the proceeding below." State v. Campbell, 2015 VT 50, ¶ 21, 199 Vt. 78, 120 A.3d 1148. "If defendant has preserved an objection in the trial court, we review the imposition of particular probation conditions under an abuse-of-discretion standard." State v. Levitt, 2016 VT 60, ¶ 16, 202 Vt. 193, 148 A.3d 204 (quotation and alteration omitted). In many of our prior cases, the defendant preserved the challenge in the trial court. See State v. Cornell, 2016 VT 47, ¶ 2, 202 Vt. 19, 146 A.3d 895; State v. Campbell, 2015 VT 50, ¶ 20,

199 Vt. 78, 120 A.3d 1148; State v. Putnam, 2015 VT 113, 200 Vt. 257, 130 A.3d 836; State v. Moses, 159 Vt. 294, 296-97, 618 A.2d 478, 480 (1992). In Cornell and Moses, preservation occurred by a post-sentence motion. In Campbell and Putnam, the probation issues were raised and argued before sentencing. Where the objection is not preserved, this Court reviews for plain error. Levitt, 2016 VT 60, ¶ 16.

¶ 10. Defendant claims that he was not required to preserve his challenges to the conditions because he could not know at sentencing that the court would impose the list of standard conditions and therefore there was no means for him to raise the issue below. See Id. ¶ 19 (reviewing challenge to probation condition as preserved where condition not mentioned at sentencing and state conceded that condition should be reviewed for abuse of discretion). We conclude that there were means for defendant to seek review below and, having failed to do so, defendant has not adequately preserved his objection for appeal.

¶ 11. There are essentially three ways a defendant can challenge a probation condition. If the defendant has notice of the State's intent to seek particular conditions—because the conditions were recommended in the PSI or raised at sentencing—then the defendant can object at sentencing before the sentence is imposed. That has occurred in many recent probation-condition appeals and is what occurred here for the sex-offender conditions. If, however, the defendant does not have advance knowledge that a condition will be imposed as part of a probationary sentence, then the defendant can file a motion to reconsider. See, e.g., State v. Cornell, 2014 VT 82, ¶ 9, 197 Vt. 294, 103 A.2d 469 (concluding that defendant's motion to reconsider imposed probation conditions properly before court where conditions not mentioned at sentencing and probation order unclear). Thereafter, defendant can test the condition as illegal or illegally imposed under Vermont Rule of Criminal Procedure 35(a).

¶ 12. These means to challenge conditions are essentially the same regardless of whether the court reads the conditions orally or sets them out in a written order. There is no greater opportunity to challenge conditions read orally because there is no requirement that the court or

6

the prosecution disclose proposed or likely probation conditions prior to sentencing. Further, once the court imposes the sentence, the court is not required at the sentencing hearing to take new argument or evidence on conditions that the defendant claims he did not foresee would be imposed. All the challenges that defendant has made to the list of standard conditions on appeal, including the objection that defendant raised under Vermont Rule of Criminal Procedure 43(a), could have been made by post-sentence motion or by motion under Rule 35(a) to the trial court. Because defendant did not preserve his arguments, our review is for plain error.

### A. Oral Pronouncement of Conditions

¶ 13.    Defendant first argues that, by imposing conditions in the written sentencing order that were not raised or imposed at his sentencing, the court violated his right to be present at the imposition of sentence pursuant to Rule 43(a). Rule 43(a) provides that "[t]he defendant shall be present" at various stages of the judicial process, including "the imposition of sentence." Defendant asks this Court to strike the conditions not announced orally during the sentencing hearing.

¶ 14.    Defendants have a right to be present at all stages of trial, including sentencing. This right, as noted above, is set forth in Rule 43(a) and stems from both the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment of the U.S. Constitution. See United States v. Gagnon, 470 U.S. 522, 526 (1985) (stating that "right to presence is rooted" in Confrontation Clause, but also protected by Due Process Clause); United States v. Melendez-Santana, 353 F.3d 93, 99 (1st Cir. 2003) (explaining that defendant's right to be present at sentencing is constitutional and stems from both Confrontation Clause and Due Process Clause) overruled, in part, on other grounds by United States v. Padilla, 415 F.3d 211 (1st Cir. 2005); Proffitt v. Wainwright, 685 F.2d 1227, 1256 (11th Cir. 1982) (stating that defendant has right to be present at "all stages of a criminal trial" guaranteed by U.S. Constitution); see also Illinois v. Allen, 397 U.S. 337, 338 (1970) ("One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his

trial."). Therefore, the purpose of securing defendant's presence is to ensure both fundamental fairness and to provide defendant with an opportunity to confront witnesses or evidence against him. See Gagnon, 470 U.S. at 527 (analyzing whether right to presence was violated when defendant was excluded from in camera discussion with juror by examining whether procedure ensured fundamental fairness and provided opportunity to defend against charge).

¶ 15. This Court has not directly addressed what is required of the sentencing court to comply with Rule 43(a) as it relates to probation conditions and what the proper remedy for such a violation would be. See Levitt, 2016 VT 60, ¶ 19 (declining to reach issues of whether Rule 43(a) was violated when all conditions not announced clearly at sentencing and proper remedy for such violation). We need not decide the issue to resolve the argument here because we conclude that even if imposition of the conditions outside of defendant's presence was error, it did not amount to plain error.

¶ 16. Plain-error review is very limited. "Plain error will be found only in rare and extraordinary cases where the error is obvious and strikes at the heart of defendant's constitutional rights or results in a miscarriage of justice." State v. Streich, 163 Vt. 331, 353, 658 A.2d 38, 53 (1995). There was no miscarriage of justice in this case. Although the so-called standard conditions were not mentioned at sentencing, defendant had constructive notice that at least some are valid administrative conditions that could be imposed in every case and without any demonstration that they were linked to defendant's crime or rehabilitation. See Putnam, 2015 VT 113, ¶ 48 (holding that conditions A, F, G, H, and J relate directly to supervision of defendant and are "within the trial court's discretion in any case in which probation is ordered"). Indeed, without the computer-generated conditions, the special conditions that were proposed were unclear because there were no conditions with respect to routine probation administration. Furthermore, as explained above, defendant had other avenues to challenge the written conditions after they were imposed.

8

¶ 17. Moreover, the alleged error did not result in the denial of any constitutional right. As explained above, the presence requirement of Rule 43 is linked to a defendant's constitutional protections to confront witnesses and to notice. Failing to announce the conditions orally did not implicate either of these rights. There was no witness or evidence to confront and defendant was provided notice of the conditions through the written order. Therefore, imposition of the conditions in the written order without announcing them orally did not amount to plain error.

## B. Individualized Sentencing

¶ 18. Defendant next asserts that all of the standard conditions, except condition B, are invalid because the trial court failed to engage in an individualized sentencing approach and consider whether the facts supported the necessity of each condition. Without any particular argument as to each condition, defendant asserts that conditions A, and C through S are invalid because the court did not make findings and individually explain how each condition was "reasonably necessary to ensure that the offender will lead a law-abiding life or to assist the offender to do so." 28 V.S.A. § 252(a).

¶ 19. We decline to strike the conditions wholesale on the theory that the trial court did not make an individualized assessment of defendant. We have previously rejected the argument that the trial court is required to make particularized findings as to each condition. The trial court is not always required to make findings to support the exercise of its discretion, and we can look to whether the record supports the court's decision. Putnam, 2015 VT 113, ¶ 45. Further, the court's action of imposing the entire list of "standard" conditions does not in itself indicate that the court imposed the conditions without considering the defendant's individual circumstances. See Levitt, 2016 VT 60, ¶ 17 (following Putnam and rejecting notion that imposing "standard" conditions without explanation was "sufficient to invalidate a battery of probation conditions by itself"). The court's imposition of all of these conditions without particularized findings did not amount to plain error.

## C. Connection to Offense

¶ 20.  Defendant also contends that conditions A, and C through S should be stricken because they are not reasonably related to his crime, conflict with other conditions, or are an impermissible delegation of authority to his probation officer.  "We have repeatedly held that probation conditions must be reasonably related to the crime for which an offender was convicted."  Putnam, 2015 VT 113, ¶ 36.  It is defendant's burden to demonstrate that the trial court erred in imposing the conditions.  Id. ¶ 44.  Like his challenge to the conditions based on lack of presence, defendant also failed to preserve his objection that these conditions lacked a sufficient factual nexus to his crime or rehabilitation.  In the absence of an objection, we review for plain error.  Levitt, 2016 VT 60, ¶ 16.  As set forth above, plain error occurs "in rare and extraordinary cases where the error is obvious and strikes at the heart of defendant's constitutional rights or results in a miscarriage of justice."  Streich, 163 Vt. at 353, 658 A.2d at 53.

¶ 21.  Although defendant challenges all of the standard conditions except B, we can narrow the list on several grounds.  In Putnam, we held that conditions A, F, G, H, and J relate to the supervision of a defendant and are "within the trial court's discretion in any case in which probation is ordered."  2015 VT 113, ¶ 48.  Therefore, imposition of these conditions did not amount to plain error.  Further, the State has agreed to strike several conditions because it concedes that the record evidence does not support imposition of conditions C, D, E, G, H, M, O, and P, and that conditions Q and R are inapplicable.  Given the State's concession, we strike these conditions[1].  The State concedes that conditions I, K, N, and S should be remanded, but does not concede that they should be stricken.  That leaves defendant's challenge to condition L and consideration of whether conditions I, K, N, and S should be stricken as requested by defendant or remanded as conceded by the State.

---

[1] In light of the State's concession, we are not deciding whether imposition of any of these conditions would be plain error.

¶ 22.    We begin with defendant's challenge to condition L, which states: "You must not buy, have or use any regulated drugs unless they are prescribed by a doctor." Defendant asserts that condition L was not connected to his crime and was inconsistent with the trial court's decision not to impose a special sex-offender condition that would have required defendant to complete a substance-abuse screening and treatment. There was no inconsistency that would invalidate the condition under plain-error review given that condition L is narrower than the special sex-offender condition that the court decided not to impose.

¶ 23.    Further, the State need not demonstrate that condition L was related to defendant's crime. In Putnam, we explained that conditions forbidding criminal conduct are valid, and that there was no requirement that the trial court find a relationship between the defendant's conviction and condition L because condition L forbids criminal conduct. 2015 VT 113, ¶ 56. Although we recognized that possession of regulated drugs was lawful in some contexts, there was no indication that those circumstances related to the defendant's situation. Id. In light of the fact that condition L precludes criminal conduct and that defendant has not demonstrated that he is entitled to legal possession of regulated drugs, we conclude that imposition of condition L did not amount to plain error in this case. See Levitt, 2016 VT 60, ¶ 34 (affirming imposition of condition L).

¶ 24.    Next, we turn to conditions I, K, N, and S. Condition I prohibits defendant from leaving the state "without written permission from your probation officer." Defendant asserts that the facts of his case do not indicate that defendant is a flight risk and therefore that this condition should be stricken. The State asserts that the condition is supported, but concedes that it is an impermissible delegation of power to the probation officer and should be remanded to the trial court to add standards to direct the probation officer's exercise of discretion. See id. ¶ 28 (holding that condition I gave probation officer complete control without standards for exercising discretion and remanding for trial court to add standards to condition). We conclude that defendant has failed to demonstrate that imposition of the condition was plain error. The record demonstrates that defendant was facing deportation and that he incurred additional offenses after this offense

11

occurred. Under a plain-error standard, these facts could support imposition of a condition requiring a defendant to check in with his probation officer prior to leaving the state. Nonetheless, given the State's concession that the condition is an impermissibly broad delegation of authority, condition I is remanded to the trial court to add standards for exercise of the probation officer's authority.

¶ 25. Condition K states: "If the probation officer or the court orders you to go to any counseling or training program, you must do so. You must participate to the satisfaction of your probation officer." Defendant contends that this condition amounts to an unlawful delegation of authority to his probation officer. As we have in two prior cases, we conclude that this condition contains an unlawful delegation of authority to defendant's probation officer and that imposition of the condition amounted to plain error. See Putnam, 2015 VT 113, ¶¶ 70-73 (holding that imposition of identical condition was overbroad delegation of authority and amounted to plain error); accord Cornell, 2016 VT 47, ¶¶ 14-18. The State concedes that the condition is an unlawful delegation of authority and agrees to a remand. Defendant seeks to strike the condition, but presents no basis to differentiate this case from Putnam and Cornell where we concluded that the condition was an unlawful delegation and remanded "to provide more tailored constraints on the probation officer's implementation of the condition, or strike it." Putnam, 2015 VT 113, ¶ 73. Therefore, we remand this condition.

¶ 26. Condition N states that "Violent or threatening behavior is not allowed at any time." Defendant contends that the condition contains vague language and argues that it should be struck or remanded for the trial court to clarify it. The State does not object to a remand of condition N. We have upheld the validity of this condition, while "recogniz[ing] that the wording of the condition has frequently caused it to be narrowly interpreted to ensure that the probationer has fair warning of its meaning" and encouraged judges to clarify the condition. Cornell, 2016 VT 47, ¶ 22. Therefore, we conclude that imposition of the condition was not plain error and decline to

strike it. In light of the State's agreement, we remand the condition for the trial court to clarify the language.

¶ 27. Condition S requires defendant to pay any unpaid amounts for legal services. The State asks for the condition to be remanded for the court to address whether it is applicable. The record does not indicate that a payment was imposed in this case. Therefore, we conclude that the condition was not applicable and strike it.[2]

¶ 28. On a final note, we recognize that the issues in this case regarding the standard conditions were caused in large part by an absence of any requirement that the court or prosecution disclose proposed probation conditions before the sentencing hearing. Procedures for prior disclosure would alleviate these issues. Therefore, we request that the criminal rules committee propose rules to regularize the procedures for considering probation conditions at sentencing. Proposed rules should set forth how the State and defendants must raise and preserve issues. Our recent decisions have required evidence to support specific conditions to show the condition is related to the crime for which a defendant is convicted and necessary for rehabilitation. If a defendant objects to a condition because it does not meet that standard or for another reason that will require evidentiary support for the condition, then the defendant should have to state this position prior to sentencing to enable the State to obtain the necessary evidence.

## II. Special Condition

¶ 29. Defendant next argues that one of the special sex-offender conditions is overly broad. The challenged special condition states: "You may not purchase, possess or use pornography or erotica. You may not go to adult bookstores, sex shops, topless bars, etc." After defense counsel objected to this condition at the sentencing hearing, the probation officer explained: "[T]hat's a standard condition that we have. He is a sex offender. Purchasing and viewing pornography, we see it as a step to, you know, possibly reoffending." The probation

---

[2] In view of the State's concession and the record, we do not address whether Condition S is an administrative condition that, like Conditions A, F, G, H, and J, is valid in any case.

officer added that it was also a condition for the sex-offender treatment program. The court imposed the condition, stating that "the court believes that it is related to the offense, has a connection to the offense, and is part of the treatment going forward."

¶ 30. Defendant argues that this condition should be struck because it is not related to defendant's rehabilitation and because it is unconstitutionally vague and overbroad. The State requests a remand for the trial court to hear more testimony on the condition's relationship to this case. We agree with defendant that the record in this case does not support the conclusion that prohibiting these otherwise lawful behaviors is reasonably related to defendant's rehabilitation or protecting the public.[3] We base our conclusion on the requirements of Vermont's probation statute, our own case law on the subject, and persuasive decisions from other jurisdictions.

¶ 31. Because defendant objected to the special condition regarding pornography, erotica, and sexual establishments before the trial court, we review its imposition for an abuse of discretion. Levitt, 2016 VT 60, ¶ 16.

¶ 32. Vermont's probation statute makes it clear that a court cannot prohibit a probationer from engaging in lawful behavior unless the prohibition relates to the defendant's rehabilitation or public safety. Trial courts have "broad discretion in fashioning a sentence, including probation conditions." State v. Albarelli, 2016 VT 119, ¶ 48, __ Vt. __, 159 A.3d 627 (citation omitted).

---

[3] Because we resolve defendant's appeal on this basis, we do not reach his argument that the condition is vague and overbroad. Compare United States v. Adkins, 743 F.3d 176, 194-96 (7th Cir. 2014) (holding condition banning "any pornographic or sexually stimulating material or sexually oriented material" unconstitutionally vague and overbroad), United States v. Loy, 237 F.3d 251, 264 (3d Cir. 2001) (holding condition banning all pornography unconstitutionally vague and overbroad), Diorec v. State, 295 P.3d 409, 416-17 (Alaska Ct. App. 2013) (holding condition prohibiting "sexually explicit material" unconstitutionally vague), and Smith v. State, 779 N.E.2d 111, 118 (Ind. Ct. App. 2002) (holding condition banning "pornographic or sexually explicit materials" unconstitutionally vague), with United States v. Ellis, 720 F.3d 220, 226 (5th Cir. 2015) (affirming condition banning "sexually oriented or sexually stimulating materials," reasoning that condition "should be read in a commonsense way" (quotations omitted)); United States v. Simmons, 343 F.3d 72, 81 (2d Cir. 2003) (affirming condition prohibiting "pornographic material" where defendant was convicted under federal statute that defined "pornography" and therefore clarified term), and State v. Dinapoli, 2015-NMCA-066, ¶ 28, 350 P.3d 1259 (affirming condition banning "sexually oriented or sexually stimulating material" because "the meaning . . . can be gleaned from case law and statute").

14

When imposing conditions, however, a court must only impose conditions that are "reasonably necessary to ensure that the offender will lead a law-abiding life or to assist the offender to do so." 28 V.S.A. § 252(a). If the court imposes a condition that prohibits the defendant from engaging in legal behavior, the condition must be "reasonably related to the offender's rehabilitation or necessary to reduce risk to public safety." Id. § 252(b)(18).

¶ 33. We have held that when a trial court imposes probation conditions related to the defendant's status as a sex offender, § 252(b)(18) "requires more than the bare recitation that a defendant is a sex offender and that incursions onto his liberty are justifiable on that basis alone." Cornell, 2016 VT 47, ¶ 7. In Cornell, a defendant who was convicted of lewd and lascivious conduct with a child challenged various probation conditions. We noted that "the State repeatedly took the position that the conditions were necessary for all sex offenders and had been developed specifically for that purpose." Id. However, the only evidence to support the State's proposition was a local probation officer who apparently had no involvement in developing the conditions and offered no expertise to support the assertion that the conditions were necessary in all cases involving sex offenders. We concluded that the State could not rely on a mere assertion that certain conditions were appropriate for all sex offenders without any support for that general proposition or an attempt to tie the specific condition to the defendant's individual circumstances. Id.

¶ 34. Other courts have persuasively concluded that a sentencing court must provide at least some support on the record for imposing a probation condition restricting a defendant's use of pornography, even when the defendant was convicted of a sex offense. In United States v. Perazza-Mercado, 553 F.3d 65 (1st Cir. 2009), a defendant who was convicted of sexual contact with a child under the age of twelve challenged a probation condition prohibiting him from possessing pornography. In a divided opinion, the court concluded that imposition of the condition amounted to plain error given the absence of any findings or evidence supporting the blanket ban on all forms of pornography. Id. at 76. The court noted the absence of any evidence that the defendant "had abused or even possessed pornography in the past, much less that it contributed to

15

his offense or would be likely to do so in the future." Id. The court recognized that the defendant's "pattern of illicit conduct toward young girls" was "cause for great concern," but observed that the record was "devoid of any evidence suggesting that a complete ban on [the defendant's] possession of pornography—including legal material involving consenting adults—would" promote public safety and the goals of the defendant's supervised release. Id. The majority rejected as unsubstantiated the dissent's "behavioral assumption that access to adult pornography increases the likelihood that any individual convicted of sexual misconduct with a minor would reoffend." Id. The court emphasized that it was not concluding as a matter of law that a similar condition could never stand where pornography was not involved in the offense of conviction and there is no documented history of the defendant viewing such material; rather, it concluded only that the record before it did not "support the conclusion that the condition would promote the goals of supervised release without effecting a greater deprivation of liberty than reasonably necessary to achieve those goals." Id.

¶ 35. Similarly, in United States v. Salazar, 743 F.3d 445 (5th Cir. 2014), the court considered a challenge to a probation condition prohibiting possession of sexually stimulating or sexually oriented materials, including books, magazines, photographs, films, or any other media. The defendant's sentence was for failing to register as a sex offender as required by federal law. The court acknowledged that a condition that is not related to the crime for which a defendant is convicted may be upheld "as long as it is justified by a defendant's criminal history." Id. at 452. However, in Salazar there was no evidence suggesting that sexually stimulating materials "fueled [the defendant's] past crimes," that the defendant was a "repeat offender of sex crimes," that "access to pornographic materials contributed to his original offense," or that he had ever even used pornography. Id. The government's case for the condition rested on conclusory assertions that the condition was related to deterrence, defendant's rehabilitation, and protecting the public, and the trial court did not explain why the restriction was necessary. On this record, the court

16

concluded that there was "insufficient evidence of a reasonable relationship between the condition and the statutory factors." Id. at 453. The court noted,

> On our own review of the record, there is little indication that [the defendant] has a high potential for committing future sexual crimes. It is hard to imagine how preventing [the defendant] from accessing sexually stimulating materials would prevent future criminal conduct when there is no indication in the record that [he] has an unhealthy relationship with such material or that such materials contributed to his underlying crimes or other violations.

Id. at 452. But see United States v. Gnirke, 775 F.3d 1155, 1162-63 (9th Cir. 2015) (affirming condition prohibiting defendant from possessing materials with child and adult pornography, defined to include depictions of sexually explicit conduct involving adults, where defendant was convicted of aggravated criminal abuse of child, refused to participate in sex offender treatment, and was found in possession of pornography, and prison psychologist determined he was at high risk of reoffending).[4]

¶ 36.    The record here does not show that the crime in this case—sexual assault of an adult—was connected to pornography, erotica, adult bookstores, sex shops, topless bars, or other similar establishments. Nor did the State present evidence that defendant's individual history or behaviors supported the condition as part of his rehabilitation or for the protection of the public.

---

[4] Even in cases in which the defendant's underlying conviction involved production or possession of child pornography, courts have reached mixed conclusions in evaluating the propriety of blanket bans on all pornography. Some courts have affirmed blanket pornography prohibitions as sufficiently related to the case when the crime involved child pornography. See, e.g., United States v. Ellis, 720 F.3d 220, 227 (5th Cir. 2013) (reasoning that condition was related to offense "[b]ecause [the] crime was sexual in nature" and it would help "prevent future crimes or aid in [the defendant's] rehabilitation"); United States v. Boston, 494 F.3d 660, 668 (8th Cir. 2007) (concluding that condition was not overbroad "given [the defendant's] history of sexual offenses and the desire to deter him from this conduct in the future"). Other courts, however, have held that conditions prohibiting all pornography are not sufficiently related to the case when there is no specific indication in the record that adult pornography was involved or would cause the defendant to reoffend, even when the defendant was convicted of possessing child pornography. See, e.g., United States v. Shannon, 743 F.3d 496, 503 (7th Cir. 2014) (vacating condition where district court did not explain "the tie between the possession of" adult pornography and crime of possessing child pornography); United States v. Voelker, 489 F.3d 139, 151 (3d Cir. 2007) (vacating condition when "nothing on [the] record suggests that sexually explicit material involving only adults contributed" to crime of possessing child pornography or would "cause [the defendant] to reoffend").

When defense counsel objected to the special condition, the probation officer asserted only that defendant was a sex offender, that this was a standard condition for sex offenders, and that pornography was seen as a step to reoffending. The witness neither explained why the condition was appropriate for this particular defendant, nor provided competent expert testimony in support of the blanket assertion that the condition is necessary in all cases involving offenders designated as "sex offenders."

¶ 37. On this record, and in light of the authority set forth above, we conclude that the evidence presented below was insufficient to support the trial court's imposition of condition 35. Given that defendant timely objected, and the State had a full opportunity to present evidence in support of this condition, we strike this condition.

We reverse in part by striking conditions C, D, E, G, H, M, O, P, Q, R, S, and special condition 35, remand in part for the trial court to make findings or clarify conditions I, K, and N, and affirm the remaining conditions.

FOR THE COURT:

_____

Associate Justice

18