*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2019-173

FEBRUARY TERM, 2020

| | |
|---|---|
| State of Vermont v. Albert Windoloski\* } | APPEALED FROM: |
| } | |
| } | Superior Court, Bennington Unit, |
| } | Criminal Division |
| } | |
| } | DOCKET NO. 13-1-18 Bncr |

Trial Judge: William D. Cohen

In the above-entitled cause, the Clerk will enter:

Defendant appeals his sentence of ten-years-to-life imprisonment for attempted sexual assault. We affirm.

Defendant pled guilty to attempted sexual assault based upon the following facts. On December 30, 2017, defendant was staying at the residence of a friend. At some point during the evening, defendant was alone with the friend's six-year-old daughter. The friend walked into the room and found his daughter sitting in front of defendant on the bed with her pants and underwear pulled down. Defendant's pants also were pulled down and his penis was exposed. Defendant was attempting to put his penis in the child's anus.

As a result of this incident, defendant was charged with lewd and lascivious conduct and aggravated sexual assault. In December 2018, defendant agreed to plead guilty to an amended charge of attempted sexual assault in violation of 13 V.S.A. § 3252(a)(1). As part of the plea agreement, the State dropped the lewd-and-lascivious charge and was capped at arguing for a sentence of ten-years-to-life imprisonment. Defendant was permitted to argue for any lawful sentence but agreed to a minimum period of incarceration equal to his credit at the time of sentencing plus the time needed to complete sex offender programming in prison, which would be determined by the risk level found in the pre-sentence investigation report (PSI).

A sentencing hearing was held in April 2019. The State argued for a sentence of ten-years-to-life imprisonment. Defense counsel requested a sentence of three-years-to-life, all suspended but twenty-eight months. When asked by the court if he wanted to say anything, defendant stated, "I would like to say that this was a huge mistake that I don't ever plan on making again in the future. And I am very truly sorry for what I have done." He added, "I just hope that I can find forgiveness for what I've done. And like I said, I don't ever plan on doing it ever again."

In imposing the sentence, the court found several mitigating factors, including defendant's apparently strong work ethic, his lack of a criminal record, his overall score of moderate-to-low risk on the psychosexual evaluation (PSE), and the fact that he had been a victim of serious abuse as a child. However, it also found several negative factors, including the nature of the offense, the

young age of the victim, and defendant's history of violence. The court noted that although the PSE concluded that defendant posed a moderate-to-low risk of reoffending, the report identified several areas of concern, including espousing attitudes in favor of sexual offenses, poor sexual risk and emotional management skills, "being in a pre-contemplative phase of change," unstable employment and housing, and the complete lack of supportive family members or other individuals in his life.

The court then considered sentencing goals of rehabilitation, specific and general deterrence, and punishment. The court acknowledged that defendant had apologized in the courtroom but noted that the PSE showed that he had not yet taken responsibility for the offense. The court stated that defendant would need to do so in order for meaningful rehabilitation to occur. The court explained that defendant needed to be held accountable for his actions and it was the court's responsibility to show that the actions taken by defendant would not be tolerated by the community. The court stated that the case clearly deserved a punishment component because "the risk factors, in my mind, are quite high. The circumstances are, again, alarming at best." It therefore imposed a sentence of ten-years-to-life. This appeal followed.

On appeal, defendant argues that the court erred in imposing a harsh sentence based on its conclusion that "the risk factors are quite high" because the PSI and the PSE both found defendant to have a moderate-to-low risk of recidivism. Defendant also argues that the court erred by finding that defendant had not taken responsibility for his actions because he apologized at the hearing.

Because defendant did not raise these objections before or during the sentencing hearing or in a post-sentence motion, we review only for plain error. State v. Lumumba, 2018 VT 40, ¶ 9, 207 Vt. 254. "Plain error exists only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." State v. Oscarson, 2004 VT 4, ¶ 27, 176 Vt. 176 (quotation omitted).

We see no such error here. While the PSI and the PSE concluded that defendant's statistical risk of sexual recidivism was in the moderate-to-low range, the PSE also identified several specific risk factors that the court read aloud at sentencing. The court found that these risk factors were "quite high" and, coupled with the circumstances of the offense, warranted a fairly severe punishment. The court had discretion to make its own assessment of the risk posed by defendant and the appropriate sentence based on the facts presented to it. State v. Avgoustov, 2009 VT 14, ¶ 11, 185 Vt. 610 (mem.) ("Although the PSI and PSE are often important in determining an appropriate sentence, neither is a substitute for the court's sound discretion, which was properly exercised here." (citation omitted)); see also State v. Hughs, 2018 VT 74, ¶¶ 21-23, 208 Vt. 44 (explaining that sentencing court had discretion to disagree with findings of PSI and testifying psychologist).

Further, both the PSI and the PSE indicated that defendant had not yet taken responsibility for the offense. Although defendant did apologize at sentencing, his apology was brief and vague and he made no reference to his actions or the impact on the victim. Under these circumstances, the court's finding that defendant had not yet taken responsibility for his actions was not clearly erroneous. See State v. Sullivan, 2018 VT 112, ¶ 16 (holding sentencing court did not err in finding defendant's statement of responsibility not credible).

The record shows that in addition to the above factors, the court considered a variety of other appropriate information in imposing its sentence. See 13 V.S.A. § 7030(a) (stating that court is required to consider "the nature and circumstances of the crime, the history and character of the

defendant, the need for treatment, and the risk to self, others, and the community at large presented by the defendant"). The court's sentence was within the statutory limits and was based on legitimate goals of criminal justice. See id. § 3252(f)(1) (providing that person who violates § 3252(a) "shall be imprisoned for not less than three years and for a maximum term of life"); State v. Herring, 2019 VT 33, ¶ 27 (stating court should ground decision on "legitimate goals of criminal justice, including such purposes as punishment, prevention, rehabilitation, and deterrence" (quotation omitted)).  Accordingly, we see no reason to disturb the court's decision.

Affirmed.

BY THE COURT:


Beth Robinson, Associate Justice


Harold E. Eaton, Jr., Associate Justice


Karen R. Carroll, Associate Justice