# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 24, 2014

No. 12-50695

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

SAMMY SALAZAR,

Defendant–Appellant

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, CLEMENT, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Defendant–Appellant Sammy Salazar ("Salazar") violated the terms of his supervised release, and was sentenced to a prison term plus an additional period of supervised release. The parties dispute both the standard of review and the legality of a special condition of supervised release imposed on Salazar. We review the district court's sentencing conditions for an abuse of discretion, and hold that the district court abused its discretion by imposing the challenged condition on Salazar without demonstrating that it is reasonably related to the statutory factors.

No. 12-50695

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Salazar was serving a suspended sentence of ten years for his conviction of third-degree sexual abuse when, in 2011, he was found guilty of failing to register as a sex offender under the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 ("SORNA").  Salazar was sentenced to time served plus fifteen years of supervised release.  The district court imposed nine special conditions to be followed during his period of supervised release, and he appealed, arguing that Special Conditions Nos. 2 through 8 were not announced orally at his sentencing hearing.  The government filed an unopposed motion to modify the judgment to conform to the oral pronouncement by striking those conditions, which this court granted.  *United States v. Salazar*, No. 11-50843 (5th Cir. Feb. 8, 2012) (three-judge order).

In 2012, Salazar's probation officer moved to revoke his supervised release, alleging that he committed a crime of family assault, failed to notify his probation officer within 72 hours of his arrest, and failed to meet with a sex offender counselor as required by his probation officer, all violations of conditions of his supervised release that this court did not strike.  The district court then revoked Salazar's supervised release term and imposed a prison term of twelve months, to be followed by fourteen years of supervised release.  The court also imposed nine supervised release conditions, including Special Condition No. 6 ("Condition No. 6"), which requires Salazar to "refrain from purchasing, possessing, or using any sexually stimulating or sexually oriented materials including but not limited to written, audio and visual depictions, such as, pornographic books, magazines, photographs, films, videos, DVDs, computer programs, or any other media for portrayal of the same."

2

No. 12-50695

The court announced the conditions at Salazar's sentencing hearing, after which his counsel, Angela Saad, asked to approach. The court responded, "Those are conditions, Ms. Saad. Those are going to be added today. I'm adding them. Those are new." Counsel stated, "Then, Your Honor, we would object to the additional conditions." The court replied, "No, you can't, Ms. Saad, because this is a new judgment and a new order." Counsel then stated, "Your Honor, we–for the record, preserving my client's . . . ." at which point the court told counsel, "You better be specific what your objection is." When counsel asked to approach, the following discussion took place:

> THE COURT:     Counsel, I'm aware that this is what went up on appeal because they weren't written at the time of the sentence. This is not the original sentence. This is a new sentence on revocation. I am adding these conditions. I may do so under the terms of the supervised release and a revocation. So these are additional conditions that I am imposing on the revocation.
>
> SAAD:     Then Your Honor, we would object and make a new objection that they're overly burdensome and - -
>
> THE COURT:     Overruled, counselor.
>
> SAAD:     - - and - -
>
> THE COURT:     Overruled.
>
> SAAD:     Thank you, Your Honor.
>
> THE COURT:     Overruled.

Salazar filed a timely notice of appeal, and now contends that Condition No. 6 is not reasonably related to the goals of supervised release and impermissibly impinges on his First Amendment rights.

No. 12-50695

## II.  STANDARD OF REVIEW

This court reviews properly preserved objections to the imposition of conditions of supervised release for an abuse of discretion.  *See United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001); *see also United States v. Woods*, 547 F.3d 515, 517 (2008) (per curiam).  When a party fails to raise a claim of error with sufficient specificity to the district court, this court applies a plain error standard of review.  *United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  To satisfy the threshold specificity required to avoid a plain error review, a party's claim of error or objection must alert the district court to the nature of the alleged error and provide an opportunity for the court to identify and correct it.  *Id.* (citing *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994)).

The parties dispute the appropriate standard of review.  The government urges this court to review for plain error because Salazar's objection—that the conditions of supervised release were overly burdensome—was insufficient to give the district court the opportunity to resolve the issues he now raises before this court.  The government argues that when the district court told counsel to be more specific as to Salazar's objections, she continued with a general objection to the broadness of all imposed conditions.  By failing to object to Condition No. 6 with specificity, the government contends, Salazar waived his right to preserve an objection which this court could review for abuse of discretion.

Salazar asks this court to apply an abuse of discretion standard, claiming that the district court "cut off" counsel's attempts to respond by interrupting her and overruling her objections mid-sentence and before she could specify her objections on the grounds raised in this appeal.  Salazar argues that any future

4

attempts to object to his supervised release conditions with specificity were futile because the court failed to give his counsel a reasonable opportunity to explain her objections or ask for the rationale behind the court's refusal to sustain them.

The court agrees with Salazar. A party's failure to raise a claim or objection with specificity does not result in plain error review if "the party made its position clear to the district court and to have objected would have been futile." *United States v. Castillo*, 430 F.3d 230, 242 (5th Cir. 2005); *see also United States v. Mendiola*, 42 F.3d 259, 260 n.2 (5th Cir. 1994). In *Castillo*, for example, a federal prosecutor inadvertently disclosed a defendant's HIV-positive status during a sentencing hearing in the presence of several prisoners. *Id.* at 235. The court interrupted the prosecutor's efforts to apologize and explain himself. *Id.* at 236. At the end of the hearing, the court departed downward *sua sponte* on the basis that the disclosure would pose a danger to the defendant in prison, but the prosecutor made no objection to the departure. *Id.* at 237.

On the government's appeal of the departure, this court concluded that because there was no prior notice that the district court intended to depart downward on the basis of the disclosure, the prosecutor had no reason to believe any objection would be required. *Id.* at 242. In addition, in light of the district court's anger and unusual hostility toward the prosecutor, requiring the government to formally object to the departure would not have served the purposes of the contemporaneous objection rule. *Id.* at 243. In light of the "unique set of circumstances," this court concluded that the government was prevented from an opportunity to raise the issue, and any attempts to object would have been futile. *Id.*

Similarly, in *Mendiola,* the defendant appealed an enhancement for driving while intoxicated after escaping from a halfway house. 42 F.3d at 260.

No. 12-50695

At sentencing, defendant's counsel began to object that DWI was more harshly punished in Texas than in other states, and that if it had happened in another state, his client "would not be looking at . . . ," at which point the court interrupted him, overruled his objection, and told him it was preserved. *Id.* at 260 n.2. This court concluded that the essential substance of the objection was made known to the court, and the record showed that the court ruled on it before counsel had an opportunity to explain it fully. *Id.* Given the context, "counsel was entitled to believe that further explanation would not be welcomed or entertained by the district court." *Id.* Thus, this court held that the objection adequately preserved issues for review. *Id.*

Like the prosecutor in *Castillo*, Salazar had no reason to object to the conditions prior to sentencing, as they were not announced until that time. Upon being notified, Salazar's counsel made multiple attempts to object to the conditions of supervised release. After the court's alert that "[Salazar] better be specific what [his] . . . objection is," Salazar's counsel asked to approach the bench in an attempt to convey more specificity in her objection. Counsel then initially objected broadly to the conditions on account of their overly burdensome nature, but before counsel had an opportunity to finish her sentence, the court overruled her objection three times. Salazar's counsel reasonably believed that the district would not have welcomed or entertained any further discussion of the issue.

Salazar's counsel also brought the essential substance of the objection to the court's attention. Just as the defendant's counsel in *Mendiola* informed the court of his objection to the defendant's sentence on equal protection grounds before the court cut him off, Salazar made the court substantively aware that he was contesting the conditions of his supervisory release. Although the government contends that Salazar's counsel made a "global objection" to all the

conditions of supervised release as overly burdensome and did not present the specific arguments now raised concerning Condition No. 6's prohibition of sexually oriented materials, counsel was interrupted before she could expound on her objection. Thus, we review for abuse of discretion.

### III. DISCUSSION

Salazar claims on appeal that Condition No. 6, which prohibits him from possessing, using, or purchasing sexually stimulating or oriented materials, is impermissible for two reasons. First, Salazar argues that Condition No. 6 is not reasonably related to the statutory supervised release factors because although his underlying offense—failure to register as a sex offender under SORNA—was predicated on a third-degree sexual abuse offense, there is no indication that sexually stimulating or sexually oriented materials contributed either to the predicate offense or the failure to register. If we determined that a condition was reasonably related, the court must then evaluate whether the restriction imposed a greater deprivation of liberty than was reasonably necessary to achieve the statutory goals of supervised release.

The government contends that the condition is reasonably related to the goals of sentencing because it took into account Salazar's history, characteristics, and criminal activity when it determined the necessity of restricting his access to sexually stimulating materials. Further, the government argues generally that the condition is reasonably necessary because it is related to deterrence, rehabilitation, and the protection of the public. The government also claims that the condition will reduce Salazar's risk of recidivism by mitigating his "proclivity for predatory sexual behavior."

In his second point of error, Salazar argues that Condition No. 6 is so overbroad that it violates his rights under the First Amendment because it encompasses legal pornography and materials that might not be pornographic, but may nonetheless be sexually stimulating. The government argues that this

court has affirmed similar conditions previously, and likewise should affirm here.

As Salazar points out, this court's previous decisions in connection with prohibitions on sexually explicit material were upheld under plain error review. Abuse-of-discretion review of the question of whether a prohibition on sexually stimulating materials is reasonably related to the sentencing factors appears to be a *res nova* issue. Salazar's second argument, that the condition violates the First Amendment, also appears to be *res nova* in this circuit.

For the reasons described below, we hold that the district court abused its discretion by not explaining how Condition No. 6 is reasonably related to the goals of supervised release. We thus do not reach the issue of whether the condition is reasonably necessary, nor the First Amendment issue.

### Whether the Condition is Reasonably Related to the Goals of Salazar's Supervised Release

Salazar claims that Condition No. 6 is not reasonably related to the statutory supervised release factors because there was no indication that sexually stimulating or sexually oriented materials contributed to his failure to register as a sex offender.

District courts have wide discretion in imposing special conditions of supervised release. *Paul*, 274 F.3d at 164–65; *see also* 18 U.S.C. § 3583(d). First, such conditions must be reasonably related to one of the following statutory factors: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need to afford adequate deterrence to criminal conduct; (iii) the need to protect the public from further crimes of the defendant; and (iv) the need to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1)–(2); *see also Paul*, 274 F.3d at 165. A condition satisfies the requirements if it is reasonably related to any of the four factors. *United States*

No. 12-50695

*v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009). Second, supervised release conditions cannot involve a "greater deprivation of liberty than is reasonably necessary" to achieve the statutory goals. *Paul*, 274 F.3d at 165 (citing 18 U.S.C. § 3583(d)).

Congress requires the sentencing court to state "the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Accordingly, "courts of appeals have consistently required district courts to set forth factual findings to justify special probation conditions." *United States v. Warren*, 186 F.3d 358, 366 (3d Cir. 1999). Where the district court's rationale is unclear, "it is incumbent upon us to vacate, though not necessarily to reverse." *United States v. Gilman*, 478 F.3d 440, 446 (1st Cir. 2007); *see also United States v. Rhone,* 535 F.3d 812 (8th Cir. 2008) (vacating and remanding for resentencing where district court failed to adequately explain and record did not support condition of supervised release); *United States v. Voelker,* 489 F.3d 139, 155 (3d Cir. 2007) (remanding for resentencing because of district court's failure to explain condition prohibiting defendant from possessing sexually explicit materials). In some cases, a court of appeals has affirmed where the "court's reasoning can be inferred after an examination of the record." *See United States v. Perazza–Mercado*, 553 F.3d 65, 76 (1st Cir. 2009) (internal citation and quotation marks omitted).

The district court abused its discretion by not explaining how Condition No. 6 is reasonably related to the statutory factors, and moreover, based on the record before us, it was an abuse of discretion to conclude that Condition No. 6 is reasonably related to the sentencing factors. We vacate and remand for the district court to either articulate a reasonable relationship between Condition No. 6 and the statutory factors or dismiss the condition.

    i.    *The nature and circumstances of the offense and the history and characteristics of the defendant*

Salazar argues that the prohibition on sexually stimulating materials does not adequately represent the nature and circumstances of his offense—failure to register as a sex offender under SORNA.  However, a special condition that is not related to the crime of conviction will nevertheless be upheld as long as it is justified by a defendant's criminal history.  *See Weatherton*, 567 F.3d at 153–54; *see also United States v. Prochner*, 417 F.3d 54, 63 (1st Cir. 2005) ("[T]he fact that the special condition of sex offender treatment is not related to the crime of conviction does not, by itself, render the condition invalid.").

Nothing in Salazar's history suggests that sexually stimulating materials fueled his past crimes.  Further, the district court below did not explain why this restriction is necessary for Salazar.  There does not appear to be any evidence that Salazar is a repeat offender of sex crimes or that access to pornographic materials contributed to his original offense.  In fact, there has been no evidence presented that Salazar ever used pornography.  The government's briefing offers little support: "The Supervised release was also related to deterrence, his rehabilitation, and protecting the public.  Moreover, it may serve Appellant as well, by minimizing the potential for recidivism and his proclivity for predatory sexual behavior."

The government's reasoning does not explain Condition No. 6, however, because there is little indication that Salazar has an abnormal potential for recidivism or any "proclivity for sexual behavior."  There is no evidence of predatory sexual behavior beyond his singular and now-remote sexual offense.  To be sure, Salazar failed to register as a sex offender and failed to meet with his sex offender counselor as ordered.  But these violations alone, though significant, do not on their face appear to justify the imposition of this restriction.  Additionally, the arrest that prompted this revocation does not appear to be sex related.  There is "no suggestion in the PSR or at sentencing that appellant had abused or even possessed pornography in the past, much less that it contributed

to his offense or would be likely to do so in the future." *See Perazza–Mercado*, 553 F.3d at 76.

### ii & iii.     *Protecting the public and adequately deterring the defendant from future criminal conduct*

This court has also previously upheld conditions that prohibit access to sexually stimulating and sexually oriented materials when the conditions were related to protecting the public and adequately deterring the defendant from committing future criminal conduct. *United States v. Brigham*, 569 F.3d 220, 233–34 (5th Cir. 2009); *Paul,* 274 F.3d at 169. Here, however, the district court did not specify how Condition No. 6 would protect the public and deter Salazar from future criminal conduct. On our own review of the record, there is little indication that Salazar has a high potential for committing future sexual crimes. It is hard to imagine how preventing Salazar from accessing sexually stimulating materials would prevent future criminal conduct when there is no indication in the record that Salazar has an unhealthy relationship with such materials or that such materials contributed to his underlying crimes or other violations.

### iv.     *Providing the defendant with correctional treatment in the most effective manner*

Courts may also consider the need to provide the defendant with correctional treatment in the most effective manner when imposing conditions of supervised release. *Brigham*, 569 F.3d at 234. Once again, the district court did not provide a specific explanation for how the condition would provide treatment to Salazar. Furthermore, we cannot conclude, based on the evidence before us, that the district court could have determined that Condition No. 6 is reasonably related to the need to provide Salazar with effective correctional treatment. Again, there was no evidence presented that sexually stimulating materials contributed to Salazar's crimes or that sexually stimulating materials

otherwise negatively impact Salazar's life in a way that would benefit from "correctional treatment."

The district court abused its discretion by not providing sufficient reasons to support the imposition of Condition No. 6. On our review of the record before us, there is insufficient evidence of a reasonable relationship between the condition and the statutory factors. Therefore, we conclude that the district court abused its discretion by imposing this condition without demonstrating that it was reasonably related to the statutory factors as applied to Salazar. *See, e.g.*, *United States v. Armel*, 585 F.3d 182 (4th Cir. 2009) (striking down a condition prohibiting pornography under an abuse of discretion standard when the violation was for threats to the FBI and the district court did not explain the rationale for the condition). On remand, the district court may reconsider the appropriateness of a ban on possessing pornography as a condition of supervised release. If it chooses to impose such a prohibition, it should explain the basis for doing so. *See Perazza-Mercado*, 553 F.3d at 67.

## IV.  CONCLUSION

For the foregoing reasons, we VACATE and REMAND Condition No. 6 of the sentence imposed by the district court for further consideration in light of this opinion. The resentencing shall be limited to a re-examination of the conditions of supervised release that underlie this appeal.