# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10641
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY ANDREW NELSON,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-90

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

The district court revoked Terry Andrew Nelson's supervised release because he violated a condition of his supervision that prohibited him from viewing sexually explicit material. Nelson appeals the above-guidelines sentence imposed. He also contends that the district court committed reversible plain error when it reimposed the same condition that warranted revocation, Special Condition No. 5, which requires that he "neither possess

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nor have under his control any pornographic, sexually oriented, or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs, or services," that he "not patronize any place where such material or entertainment is available," and that he "not use any sex-related telephone numbers." Nelson argues that the district court failed to set forth factual findings to justify the imposition of Special Condition No. 5, that Special Condition No. 5 is not reasonably related to the statutory supervised release factors, that Special Condition No. 5 restricts his liberty interests more than is reasonably necessary to achieve the statutory goals, and that Special Condition No. 5 is impermissibly vague.  Because Nelson did not object to the reimposition of Special Condition No. 5 at the revocation hearing, his arguments are reviewed for plain error.  *See United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009).

The district court's reasons for reimposing Special Condition No. 5 can be inferred from the record.  *Cf. United States v. Salazar*, 743 F.3d 445, 451–53 (5th Cir. 2014).  Moreover, even if we were to conclude that the district court's explanation was inadequate and that the district court's error was clear or obvious, Nelson cannot show that the error affected his substantial rights because nothing in the record suggests that the outcome would have been different if the court had provided more extensive reasons.  *See United States v. Tang*, 718 F.3d 476, 483 (5th Cir. 2013).

Nelson's contention that Special Condition No. 5 is not reasonably related to the statutory factors and that it restricts his liberty interests more than is reasonably necessary to achieve the statutory goals is also belied by the record.  Nelson's 2004 presentence report detailed his history of sexually deviant and disturbing behavior.  At the revocation hearing, Nelson admitted that he had a sexual addiction which required "constant accountability."  He

acknowledged that he struggled with this addiction and that it was "a life-long circumstance." Notably, Nelson admitted that since his release from custody he had visited adult pornographic websites 15 to 20 times and, in doing so, he stumbled onto a website that showed nude children. We have upheld special conditions prohibiting the possession of sexually oriented or sexually stimulating materials under similar circumstances. *See United States v. Ellis*, 720 F.3d 220, 227 (5th Cir.), *cert. denied*, 134 S. Ct. 681 (2013); *United States v. Miller*, 665 F.3d 114, 135-36 (5th Cir. 2011). Moreover, we have repeatedly rejected vagueness challenges to similar supervised release conditions concluding that they provide adequate notice of the prohibited behavior because they are to "be read in a commonsense way." *United States v. Phipps*, 319 F.3d 177, 193 (5th Cir. 2003); *see Ellis*, 720 F.3d at 226–27; *Miller*, 665 F.3d at 137. Therefore, Nelson has failed to show that the district court committed reversible plain error when it re-imposed Special Condition No. 5 following the revocation of his supervised release.

Nelson also contends that the above-guidelines revocation sentence is unreasonable. He argues that the district court failed to adequately explain the sentence and that the court either completely disregarded his extensive mitigation evidence or was mistaken regarding the facts of his case. Because Nelson did not object to the adequacy of the district court's explanation for the chosen sentence or to the reasonableness of the sentence, our review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

The record reflects that the district court sufficiently articulated its reasons for imposing the above-guidelines revocation sentence. *See United States v. Kippers*, 685 F.3d 491, 498–99 (5th Cir. 2012). The district court considered the recommended imprisonment range of three to nine months, the

two-year statutory maximum term of imprisonment, the nature and circumstances of Nelson's supervised release violation, Nelson's history and characteristics, the need to deter Nelson's criminal conduct, the need to protect the public from any further crimes by Nelson, and Nelson's mitigation arguments. The district court ultimately concluded that an 18-month term of imprisonment followed by an additional 18 months of supervised release was appropriate based on the circumstances of the case and the permissible 18 U.S.C. § 3553(a) factors. We have routinely upheld revocation sentences exceeding the recommended range, even where the sentence is the statutory maximum. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* (internal quotation marks and citation omitted). Because Nelson has failed to show that his revocation sentence is plainly unreasonable or plainly erroneous, *see id.* at 326, 332–33, the district court's judgment is AFFIRMED.