# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11181

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TERRANCE MONTGOMERY,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-93

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Terrance Montgomery ("Defendant") appeals his jury trial conviction and sentence for conspiracy to possess and possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841 and 846. Defendant was indicted as part of an alleged cocaine distribution ring operating in the Fort Worth area, and the primary question at trial was whether Defendant possessed distributable quantities of cocaine for resale or merely small

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11181

quantities for personal use. The government sought to prove that Defendant possessed distributable quantities of cocaine through the testimony of (1) Johnny Sosa ("Sosa"), the lead officer investigating the drug ring of which Defendant was allegedly a member, and (2) Francisco Favela ("Favela"), a drug dealer who faced separate criminal charges and had agreed to cooperate with the government (although he had not entered into a plea agreement). Sosa was designated as an expert and testified that pursuant to a wire-tap, he heard numerous phone calls in which Defendant asked Favela for three to four "bottles of barbecue sauce." Sosa further testified that he interpreted "bottles of barbecue sauce" to mean "ounces of cocaine." Favela corroborated the testimony of Sosa that he distributed cocaine to Defendant in ounce quantities, and he more generally corroborated the view that Defendant sold the drugs he received from Favela as part of a larger conspiracy. When asked about his decision to testify for the government, Favela agreed that he hoped to receive "some leniency in sentencing" for his own crimes but denied that the government had "made [him] any promises about sentencing."

Defendant was found guilty and sentenced to concurrent terms of 360 and 240 months imprisonment. In reaching a decision on sentencing, the district court relied in part on the Presentencing Report's ("PSR") conclusion that Defendant had two prior adult convictions for crimes of violence, which qualified him as a "career offender" under federal sentencing guidelines and increased his criminal history category from V to VI.

Defendant now argues that (1) the government violated his due process right to a fair trial by failing to correct misleading testimony regarding Favela's incentives to testify as a government witness; (2) Sosa's testimony that "bottles of barbecue sauce" referred to "ounces of cocaine" was improper opinion testimony; and (3) the district court erred when it relied on the PSR in

2

finding that Defendant was a "career offender" under federal sentencing guidelines. We address each argument in turn.

## 1. *Favela's Testimony*

Defendant first contends that the government violated his due process right to a fair trial by failing to correct misleading testimony from Favela about his incentives for testifying as a government witness. Specifically, Defendant objects to Favela's testimony regarding his hope that his cooperation would lead "the Judge" to give him "some leniency in sentencing," even though the government "[had] not made [him] any promises" about the length of his sentence. Defendant claims that this testimony misled the jury by concealing the possibility that the government could file a motion for downward departure (a "5K motion") at sentencing in his separate criminal case if it was satisfied with his testimony against Defendant. As such, Defendant argues that the government should have corrected Favela's testimony in order to make the jury aware of a potential 5K motion, and its failure to do so was a violation of Defendant's due process right to a fair trial under *Napue v. Illinois*, 360 U.S. 264 (1959), and *Giglio v. United States*, 405 U.S. 150 (1972). We disagree.

We have previously explained that reversal of a conviction based on uncorrected false testimony under *Napue* "is proper only if (1) the statements in question are shown to be actually false; (2) the prosecution knew that they were false; and (3) the statements were material." *United States v. O'Keefe*, 128 F.3d 885, 893 (5th Cir. 1997) (citing *United States v. Blackburn*, 9 F.3d 353, 357 (5th Cir. 1993)). Defendant's claim falters on the first point, as there is nothing in the record to suggest that Favela's testimony was actually false. To the contrary, the questioning and testimony of Favela conveyed precisely the situation that existed: Favela had agreed to testify in part because he hoped his cooperation would lead to leniency at sentencing, but the government had not made him any promises about his sentence. There is no indication that the

No. 14-11181

Government made any overtures about, or even mentioned, a 5K motion to Favela. We accordingly reject Defendant's first argument.

*2. Sosa's Testimony*

Defendant next claims that Sosa's specific testimony with respect to his interpretation of the phrase "bottles of barbecue sauce" was inadmissible as either expert or lay opinion testimony. Because Defendant failed to preserve this argument in the district court, our review is only for plain error. *United States v. Salazar*, 743 F.3d 445, 448 (5th Cir. 2014).[1] "To demonstrate reversible plain error," Defendant must "show that (1) there is error; (2) it is plain; and (3) it affected his substantial rights." *Gracia v. United States*, 522 F.3d 597, 600 (5th Cir. 2008). Defendant cannot meet this burden. First, this court has recognized (and recently reaffirmed) that at the very least, a police officer familiar with the facts of a particular case may testify as a lay opinion witness about his interpretation of drug code words used in the case. *See United States v. Haines*, 803 F.3d 713, 729 (5th Cir. 2015).

Second, even assuming it was error to admit Sosa's testimony about his interpretation of "bottles of barbecue sauce," Defendant has not shown that the error affected his substantial rights. "Ordinarily, an error affects substantial rights only if it 'affected the outcome of the district court proceedings.'" *United States v. Davis*, 602 F.3d 643, 647 (5th. Cir. 2010) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). Disregarding Sosa's testimony that he interpreted "bottles" as "ounces," there was still ample evidence of Defendant's

---

[1] Defendant argues that he preserved this issue by objecting to Sosa's testimony as "hearsay" at trial. However, contemporaneous objections that are non-topical in relation to the arguments raised on appeal are insufficient to preserve those arguments for review. *See United States v. Gracia*, 522 F.3d 597, 599 n.1 (5th Cir. 2008). Thus, because Defendant's "sole objection" of hearsay was "completely non-topical" vis-à-vis the argument he now makes, "[f]or purposes of our determination of the applicable standard of review, [Defendant] did not make a valid contemporaneous objection." *Id.*

guilt in this case, including Favela's unchallenged testimony that he was fronting cocaine to Defendant in ounce amounts. Indeed, Sosa's testimony about the quantity of cocaine Defendant received was, if anything, cumulative of Favela's unchallenged testimony, and there is thus no reversible plain error in its admission. *See United States v. El-Mezain*, 664 F.3d 467, 514 (5th Cir. 2011) ("To the extent this was an improper expert opinion . . ., which we doubt, it was cumulative of other testimony and was therefore harmless.").

*3. Sentencing*

Defendant's final argument is that the district court erred when it relied solely on the PSR to find that Defendant's prior conviction for attempted murder was an "adult" conviction and thus counted towards his "career offender" status under United States Sentencing Guideline § 4B1.1. This argument was likewise not preserved in the court below and is subject only to review for plain error. In this regard, Defendant must "show a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence." *United States v. Garza-Lopez*, 410 F.3d 268, 275 (5th Cir. 2005) (quoting *United States v. Villegas*, 404 F.3d 355, 357–62 (5th Cir. 2005)). Significantly, Defendant does not argue that his conviction was actually a juvenile conviction under state law; rather, he only contends that the district court's reliance on the PSR "deprived [him] of the opportunity to evaluate" the "significant possibility" that his attempted murder conviction was a juvenile conviction. However, Defendant provides no information or authority to indicate that he was treated as a juvenile under Texas law, and indeed, a review of the judgment reveals that Defendant was convicted as an adult. Furthermore, the district court in this case stated that "[e]ven if the guideline calculations are not correct, this is the sentence the Court would otherwise impose under 18 U.S.C. § 3553." Thus, at the very least,

No. 14-11181

Defendant cannot show that but for the district court's misapplication of the sentencing guidelines, he would have received a lesser sentence.

AFFIRMED.