# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10445
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JERRY LEE THOMPSON, also known as "Chief",

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:01-CR-10-1

Before BARKSDALE, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Following his arrest for assault family violence, a felony pursuant to Texas Penal Code § 22.01, Jerry Lee Thompson pleaded true to violating a condition of his term of supervised release, imposed following his 2001 jury-trial conviction for possession, with intent to distribute, less than five grams of cocaine base within 1,000 feet of a playground and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a) and 18 U.S.C. § 2.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-10445

The district court revoked his supervised release and sentenced him to 36-months' imprisonment and a new, nine-year term of supervised release. Thompson's new term of supervised release was subject to, *inter alia*, two special conditions:  abstain from using all intoxicants, including alcohol; and participate in a program for the treatment of narcotic, drug, or alcohol dependence and contribute at least $25 per month to the program's cost.  The first special condition was imposed only in the written judgment; the second, orally and in the written judgment.  Thompson did not object to the imposition of the second condition at the sentencing hearing.  On appeal, Thompson challenges only these two special conditions.

Regarding the first special condition, abstinence from intoxicants: because Thompson had no opportunity to object, review is for abuse of discretion.  *United States v. Rivas-Estrada*, 906 F.3d 346, 348–49 (5th Cir. 2018) (citations omitted).  Thompson asserts the district court erred by including in the written judgment a special condition not pronounced at sentencing, and asks the condition be stricken from the written judgment; the Government agrees the condition was improperly imposed and requests the case be remanded in order for the court to modify the written judgment so that it conforms with the oral pronouncement.  "[I]f a written judgment clashes with the oral pronouncement, the oral pronouncement controls". *Id*. at 350 (citations omitted).  Therefore, this special condition must "be stricken from the written judgment".  *Id*. at 348.  Accordingly, we vacate the abstinence condition and remand to district court with instructions to modify the judgment by eliminating it.

Regarding the second special condition, because Thompson did not object in district court to his required participation in, and partial payment for, a treatment program, review is only for plain error.  *E.g., United States v.*

*Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Thompson must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

In imposing a special condition on supervised release, the district court must explain on the record how the condition is reasonably related to the goals of supervised release.  *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014) (citations omitted).  If the court does not do so, however, the special condition will not be disturbed on appeal if the court's reasoning "can be inferred after an examination of the record".  *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015) (quoting *Salazar*, 743 F.3d at 451).

The court's reasoning is easily inferred from the record.  Thompson is a career offender with an extensive criminal history.  The presentence investigation report showed that Thompson was required to participate in a substance-abuse program (indicating he had a substance dependency history) while incarcerated in federal prison on a 1992 guilty-plea conviction for narcotics trafficking.  Later, while on supervised release, Thompson committed the underlying crime in the instant case for the specific purpose of acquiring cash to buy alcohol.  The ensuing judgment contained a special condition that Thompson abstain from using alcohol or narcotics and participate in a substance dependency treatment program.  Moreover, the judge who revoked supervised release was the same judge who imposed the sentence on the underlying conviction, and was, therefore, familiar with Thompson's

No. 19-10445

characteristics, the circumstances of the case, and any need for surveillance and treatment for substance dependency.

To the extent Thompson contends the treatment condition is unwarranted, whether the condition is reasonably related to the nature, characteristics, and circumstances of his drug-trafficking crime and to his history and characteristics is, at least, subject to reasonable dispute and, therefore, not clear or obvious error.

AFFIRMED IN PART; VACATED IN PART; REMANDED TO DISTRICT COURT FOR THE PURPOSE STATED IN THIS OPINION.