# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2021

Lyle W. Cayce
Clerk

No. 21-60446
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael McCraney,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CR-30-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Michael McCraney, federal prisoner # 15284-043, pleaded guilty to possession of child pornography and was sentenced to 120 months in prison, to be followed by a 25-year term of supervised release. The district court revoked McCraney's supervised release because he violated the terms of his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

supervision by not being truthful with his probation officer and by possessing an internet capable smart phone. The district court sentenced him to eight months in prison, to be followed by a 25-year term of supervised release. The district court imposed as special conditions of release that McCraney was prohibited from possessing or using any internet capable device without the permission of his probation officer, that he abstain from the use of alcohol, and that he participate in a program of testing and treatment for alcohol and drug abuse as directed by the probation officer.

McCraney argues that the district court abused its discretion in imposing the internet-device condition because it is unreasonably restrictive. *See United States v. Ellis*, 720 F.3d 220, 224 (5th Cir. 2013); *United States v. Caravayo*, 809 F.3d 269, 273 & n.2 (5th Cir. 2015). The district court found that the probation officer had allowed McCraney to use devices to access the internet at the library but that on two occasions he lied to the probation officer about possessing an internet capable device. Contrary to McCraney's argument, the condition does not require him to seek the approval of his probation officer for every use of the internet. Given the specific facts of this case, the district court narrowly tailored the scope and duration of the special condition and made specific findings to support the decision. *See United States v. Duke*, 788 F.3d 392, 399 (5th Cir. 2015); *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014).

McCraney also argues that the two special conditions of release addressing alcohol use were not reasonably related to the 18 U.S.C. § 3553(a)(1) sentencing factors. McCraney concedes that he failed to object to the imposition of these special conditions and that review is for plain error. *See Salazar*, 743 F.3d at 448. McCraney acknowledges that the district court based these two special conditions on his criminal history, which contained alcohol related offenses, and documented alcohol abuse contained in the original presentence report. Although he asserts that the information is stale,

No. 21-60446

McCraney does not dispute the accuracy of the PSR. Given the undisputed facts, the district court did not clearly err in finding that McCraney had abused alcohol or in imposing the alcohol related special conditions of release. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Caravayo*, 809 F.3d at 273.

The judgment of the district court is AFFIRMED.