# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-60123
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TAYLOR HIDALGO,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CR-100-1

———————————————————————

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Taylor Hidalgo pleaded guilty in 2019 of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). After he served his initial prison sentence, the district court revoked his supervised release and sent him back to prison. He completed that prison sentence and began serving another term of supervised release in 2022. He again violated the conditions of supervised

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-60123

release, and the district court revoked his supervised release, sentencing him to 16 months of imprisonment and eight years of supervised release.

Hidalgo contends that the district court abused its discretion in imposing two of the conditions of supervised release: prohibiting him from (1) possessing or using a computer or other device to access the internet, except in connection with authorized employment with the prior approval of his probation officer, and (2) possessing or perusing any sexually explicit material.[1]  We review preserved challenges to discretionary conditions of supervised release for abuse of discretion.  *United States v. Salazar*, 743 F.3d 445, 448 (5th Cir. 2014).

The district court did not abuse its discretion in prohibiting Hidalgo from accessing the internet except with the prior approval of his probation officer for employment purposes.  A ban on computer or internet use must be "narrowly tailored either by scope or by duration."  *United States v. Duke*, 788 F.3d 392, 399 (5th Cir. 2015).  The condition limiting Hidalgo's access to the internet is limited in scope, as he is allowed to seek approval from the probation officer to use the internet for employment purposes.  Moreover, the condition is for a limited duration of eight years[2] and is reasonably related

---

[1] Although Hidalgo asserts in a conclusory fashion that the challenged conditions violate his First Amendment rights, the failure to adequately "brief an issue on appeal constitutes waiver of that argument." *United States v. Fernandez*, 48 F.4th 405, 412 (5th Cir. 2022) (internal quotation marks and citation omitted).  Hidalgo's reply brief fleshes out his First Amendment argument, but we do not entertain arguments raised for the first time in a reply brief unless that issue is raised in the appellee's brief and the appellant responds in reply.  *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).  Thus, we do not reach this issue.

[2] The district court provided that if Hidalgo avoids violating the conditions of his supervised release for three years, he could move the court to amend or modify the conditions prohibiting him from accessing the internet or possessing sexually explicit material.

to his original offense that led to his sex offender status (sending sexually explicit pictures and videos to a 14-year-old girl). *See United States v. Paul*, 274 F.3d 155, 167-70 (5th Cir. 2001).

Also, the district court did not abuse its discretion in prohibiting Hidalgo from possessing or perusing sexually explicit material. In imposing discretionary conditions, district courts are required to consider a defendant's history and characteristics. *See* 18 U.S.C. §§ 3583(d)(1), 3553(a)(1). Therefore, even if the offense of conviction in the instant case is not itself a sex offense, prior crimes may be considered in determining whether to impose certain conditions. *See United States v. Iverson*, 874 F.3d 855, 861-62 (5th Cir. 2017). Here, the prohibition on possessing or perusing sexually explicit material is strongly connected to Hidalgo's prior conviction for sexual battery of a minor as that offense involved him sending a 14-year-old girl sexually explicit videos and pictures. *See United States v. Fields*, 777 F.3d 799, 803-04 (5th Cir. 2015). Moreover, while Hidalgo claims that the district court failed to explain how this condition was reasonably related to the sentencing factors, the record makes it clear that the district court considered the nature and circumstances of the offense, Hidalgo's history and characteristics, the need for deterrence, and the need to protect the public before imposing this condition. *See United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015).

AFFIRMED.