**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

─────────────────────────────────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CARLOS CARABALLO,
a/k/a Carlos Thomas Caraballo,
a/k/a Carlos T. Caraballo,

    Defendant - Appellant.

No. 24-5029
(D.C. No. 4:22-CR-00322-JDR-1)
(N.D. Okla.)

─────────────────────────────────────

**ORDER AND JUDGMENT**[*]

─────────────────────────────────────

Before **BACHARACH**, **MURPHY**, and **EID**, Circuit Judges.

─────────────────────────────────────

This appeal involves a criminal sentence. The defendant, Mr. Carlos Caraballo, had sex with an underage girl and photographed her as she performed oral sex. The sex and photo led to convictions for sexual abuse of a minor in Indian country and production of child pornography. 18 U.S.C. §§ 1151, 1152, 2243(a), 2251(e). For these convictions, the court

─────────────────────

[*]    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

sentenced Mr. Caraballo to 324 months in prison and a lifetime of supervised release.

In deciding on the sentence, the district court applied an enhancement, stating that Mr. Caraballo had used a computer to solicit a minor for the purpose of producing a sexually explicit image. U.S.S.G. § 2G2.1(b)(6)(B). On appeal, Mr. Caraballo insists that the district court applied the enhancement without addressing his purpose. We disagree. The court did address the element of purpose by finding that Mr. Caraballo had used his cell phone to persuade the girl to send him sexually explicit images.

The district court not only applied the enhancement, but also imposed a lifetime of supervised release. With supervised release, the court included a special condition prohibiting Mr. Caraballo from possessing sexually explicit material involving adults. In imposing this condition, the district court

- assumed that the prohibition would help to rehabilitate Mr. Caraballo and to avoid future temptations and

- relied on the occasional difficulty of distinguishing between adults and children in sexually explicit material.

This explanation didn't suffice in light of the intrusion into Mr. Caraballo's significant liberty interest in viewing adult material.

2

**1.    The district court addressed the element of purpose.**

The district court could enhance the sentence if Mr. Caraballo had used a computer to solicit the girl's participation in sexual conduct "for the purpose of producing sexually explicit material." U.S.S.G. § 2G2.1(b)(6)(B). The district court applied this enhancement, but Mr. Caraballo argues that the court failed to address the element of purpose.

This argument involves a legal challenge, so we conduct de novo review. *United States v. Eddington*, 65 F.4th 1231, 1237 (10th Cir. 2023). In conducting that review, we focus on the district court's findings that Mr. Caraballo

- had sent the girl "sexually explicit material," which could "be seen and thought to be an attempt to lure, entice, and normalize the exploitation of [the girl] in a way to persuade her to produce sexually explicit material in return" and

- had "solicit[ed] sexually explicit images and videos by cellular telephone" in order "to desensitize [the girl] and normalize the behavior."

R. vol. 3, at 31–32. The district court thus found that Mr. Caraballo had tried to normalize his sexual communications with the girl in order to get sexually explicit material in return. This finding encompasses the requirement of purpose.

The court also addressed this requirement when discussing Mr. Caraballo's guilty plea. In that plea, he admitted persuading, inducing,

3

enticing, and coercing the girl "to engage in sexually explicit conduct *for the purpose of* producing a visual depiction of such conduct." R. vol. 1, at 20 (emphasis added). The district court noted that this admission had closely tracked "the language in 2G2.1." R. vol. 3, at 31.

The district court's findings and discussion of the guilty plea reflected consideration of Mr. Caraballo's purpose. So we reject Mr. Caraballo's argument that the court disregarded this requirement.

**2.    The district court's citations don't require reversal.**

Mr. Caraballo also argues that the district court misapplied

- *United States v. Reaves*, 253 F.3d 1201 (10th Cir. 2001) and

- *United States v. Gallegos*, 2023 WL 8802687 (10th Cir. 2023) (unpublished).

The district court cited these opinions for two points:

1.    The defendant in *Reaves* had lured the children "into sexual relationships for the purpose of producing sexually explicit materials."

2.    The defendant in *Gallegos* had lured a victim into exploitation by sending her sexually explicit content.

R. vol. 2, at 74.

No matter how the district court interpreted these opinions, Mr. Caraballo's argument is simply that the district court disregarded the requirement of purpose. The district court's citation of *Reeves* and *Gallegos* doesn't affect that inquiry.

4

**3.    The district court didn't make the findings required for the prohibition against sexually explicit material.**

For supervised release, the district court prohibited Mr. Caraballo from possessing sexually explicit material involving adults.[1] This prohibition intruded on a particularly significant liberty interest. *United States v. Englehart*, 22 F.4th 1197, 1208 (10th Cir. 2022); *United States v. Koch*, 978 F.3d 719, 726 (10th Cir. 2020). So the district court had to

- show that the condition was reasonably related to the goals of deterring criminality, protecting against further crimes, or promoting the defendant's needs (educational, vocational, medical, or correctional),

- support imposition of the condition with evidence that the condition was needed to advance those goals,

- limit the deprivation of liberty to what was reasonably necessary, and

- balance the purpose against the significant First Amendment concerns.

18 U.S.C. § 3583(d); *see United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (need to show a necessity and limit the deprivation); *Englehart*, 22 F.4th at 1207–08 (need to balance First Amendment concerns).

Faced with these requirements, the district court tried to justify the condition through two steps. First, the court explained that it could

---

[1]    The condition also bans child pornography, but Mr. Caraballo doesn't challenge that part of the ban.

promote rehabilitation and avoid future temptations by restricting

Mr. Caraballo's possession of sexually explicit materials. Second, the court

suggested that it might be difficult for someone to determine whether a

sexually explicit image depicted an adult or a child. But the court didn't

- base either step on anything in the record or

- balance these rationales against Mr. Caraballo's significant liberty interest in viewing adult material.

Focusing on rehabilitation, the district court pointed to the *instant*

*offenses*, which involved a 13-year-old girl who had told Mr. Caraballo that

she was 15. R. vol. 3, at 33–34. Based on these offenses, the district court

concluded that the prohibition against sexually explicit material could help

rehabilitate Mr. Caraballo and avoid future temptations. *Id.* But why? The

court apparently assumed that

- sexually explicit material had stimulated Mr. Caraballo to commit the offenses and

- it would be impracticable to differentiate between adults and children in sexually explicit material.

But there's nothing in the record to suggest

- that Mr. Caraballo had ever viewed adult pornography,

- that sexually explicit material had led to his offenses, or

- that he would have trouble determining whether sexually explicit material involved an adult or a child.[2]

---

[2]    In suggesting that it may be difficult to determine whether a sexually explicit image shows someone who's an adult or a child, the court drew from *United States v. Koch*, 978 F.3d 719 (10th Cir. 2020). R. vol. 3, at 33.

So the court had no evidentiary basis to infer from the *instant offenses* that a prohibition against sexually explicit material would help to rehabilitate Mr. Caraballo or to avoid future temptations.[3]

We have required at least some explanation to justify this condition when the record doesn't suggest that sexually explicit material had contributed to a sex crime. *United States v. Martinez-Torres*, 795 F.3d 1233, 1241 (10th Cir. 2015); *accord United States v. Salazar*, 743 F.3d 445, 452 (5th Cir. 2014) (concluding that the district court had not justified a similar condition absent evidence that the defendant had ever viewed pornography or that sexually stimulating materials had fueled a sex crime); *United States v. Perazza-Mercado*, 553 F.3d 65, 76 (1st Cir. 2009) (same); *United States v. Voelker*, 489 F.3d 139, 151 (3d Cir. 2007) (vacating a similar condition based on a lack of evidence that adult pornography had

---

There a district court had imposed a similar condition prohibiting access to sexual material involving adults. We concluded that the district court hadn't justified the condition, observing that the district court should have analyzed whether "something inherent in the nature of [the] crime, like the age of [the] victims, made it impracticable to differentiate between children and adults in sexually oriented materials." *Koch*, 978 F.3d at 725. But this observation didn't suggest a blanket approval of prohibitions involving adult material whenever a defendant is convicted of a sex crime involving minors. *Id.* at 725–26.

[3]    The government argues that Mr. Caraballo struggles to differentiate adults from minors because he had communicated with two other minors pretending to be 18. But the district court didn't base the condition on the communications with those minors.

contributed to the offense or would cause the defendant to reoffend). No such explanation existed here.

The court not only failed to provide particularized findings based on the record, but also failed to say how it was balancing the value of the condition against Mr. Caraballo's First Amendment interest in viewing adult material. The failure to balance these considerations would require reversal even if the district court had otherwise tied the condition to Mr. Caraballo's past behavior. *See United States v. Englehart*, 22 F.4th 1197, 1210 (10th Cir. 2022) (concluding that the district court had failed to balance the value of a prohibition on sexual materials against "the serious First Amendment concerns endemic in such a restriction" (quoting *Martinez-Torres*, 795 F.3d at 1240)).

* * *

In our view, the district court failed to explain the need for the condition based on Mr. Caraballo's conduct and balance his significant First Amendment interest in viewing sexually explicit material. So we vacate the supervised release condition and remand for further findings.[4]

---

[4]    Mr. Caraballo also argues that the condition is overbroad and lacks a valid basis. But we need particularized findings before we can consider the validity of the condition. *See United States v. Hahn*, 551 F.3d 977, 982 (10th Cir. 2008) (stating that the sentencing court must justify special conditions of supervised release, based on the record, so that the reviewing court can consider the substantive reasonableness of the conditions). We thus decline to consider the challenges involving overbreadth and lack of a valid basis for the condition.

But we affirm the prison sentence because the district court applied the enhancement only after considering Mr. Caraballo's purpose.

Entered for the Court


Robert E. Bacharach
Circuit Judge